IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HARRISON L. BURTON,

    Plaintiff,                            No. 2:10-cv-1980 JAM JFM (PC)

    vs.

WARDEN MCDONALD, et al.,

    Defendants.                      FINDINGS AND RECOMMENDATIONS

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On June 9, 2011, plaintiff filed a motion for temporary restraining order and/or preliminary injunction. Plaintiff seeks an order requiring prison officials to provide him with law library access of four to six hours per week, similar to access received by other inmates, to make the prison law library compliant with an existing court order in a class action lawsuit, and to provide him with single cell status until this litigation is concluded.

        The legal principles applicable to a request for injunctive relief are well established. To prevail, the moving party must show either a likelihood of success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the movant's favor. See Coalition for Economic Equity v. Wilson, 122 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374,

1

1376 (9th Cir. 1985). The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown. Oakland Tribune, 762 F.2d at 1376. "Under any formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury." Id. In the absence of a significant showing of possible irreparable harm, the court need not reach the issue of likelihood of success on the merits. Id.

In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Plaintiff's motion implicates his right to access the courts. In Lewis v. Casey, 518 U.S. 343 (1996), the United States Supreme Court held that prison inmates have a constitutionally protected right to access the courts to bring civil rights actions to challenge their conditions of confinement and to bring challenges to their criminal convictions. Lewis v. Casey, 518 U.S. at 351. The right of access to the courts "guarantees no particular methodology but rather the conferral of a capability -- the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." Id. at 356. In order to demonstrate a cognizable threat to this right, plaintiff must present evidence that defendants by their acts will prevent him from bringing, or cause him to lose, an actionable claim of this type. Id.

Plaintiff has not made the required showing. Specifically, neither the averments of the instant motion, nor the record before this court, suggest that plaintiff is threatened with irreparable harm to his ability to litigate this action.

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's June 9, 2011 motion for injunctive relief be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written

objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 1, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

12
burt1980.pi