IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HARRISON L. BURTON,

    Plaintiff,                    No. 2:10-cv-1980 JAM JFM (PC)

    vs.

WARDEN MCDONALD, et al.,

    Defendants.             <u>ORDER</u>

          Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Several matters are pending before the court.

          This action is proceeding on plaintiff's second amended complaint, filed April 27, 2011. On May 26, 2011, the court ordered the United States Marshal to serve process on defendants Moore, A. Romero, and Webster. On June 3, 2011, plaintiff filed a motion for leave to amend his complaint. In the motion, which is not accompanied by a proposed amended complaint, plaintiff represents that he has learned that the correct name of the defendant identified as Lt. Romero is Lt. Tony Amero. Good cause appearing, plaintiff's motion to amend will be granted. Plaintiff will be granted twenty days from the date of this order to file a third amended complaint that amends said defendant's name in all places. Plaintiff is informed that the court cannot refer to the second amended complaint in order to make plaintiff's third amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, any amended

complaint supersedes the prior complaints.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, prior pleadings no longer serve any function in the case.  Therefore, in the third amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  In view of this order, the court's May 26, 2011 order directing the United States Marshal to serve process on defendants will be vacated.  The court will make further orders for service of process, as appropriate, after plaintiff files a third amended complaint.

        On May 31, 2011, plaintiff filed a motion requesting that the court appoint Charles Carbone, Attorney at Law, 2940 16th Street, Suite B5, San Francisco, CA 94103, to represent him in this action.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  There is no indication in plaintiff's motion whether Mr. Carbone is willing to undertake representation of plaintiff in this action.  Plaintiff's request for the appointment of counsel will therefore be denied without prejudice.

        On June 15, 2011, plaintiff filed a document styled as a motion for production of documents from defendants.  Review of the documents demonstrates that it is a request for production of documents pursuant to Fed. R. Civ. P. 34.  Plaintiff is informed that court permission is not necessary for discovery requests and that neither discovery requests served on an opposing party nor that party's responses should be filed until such time as a party becomes dissatisfied with a response and seeks relief from the court pursuant to the Federal Rules of Civil Procedure.  Discovery requests between the parties shall not be filed with the court unless, and until, they are at issue.  For that reason, plaintiff's June 15, 2011 request for production of documents will be placed disregarded.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's May 31, 2011 motion for appointment of counsel is denied without prejudice.

2. Plaintiff's June 3, 2011 motion to amend is granted.

3. Plaintiff's second amended complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

   a. The completed Notice of Amendment; and

   b. An original and one copy of the Third Amended Complaint.

Plaintiff's third amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, the Local Rules of Practice, and this order; the third amended complaint must bear the docket number assigned this case and must be labeled "Third Amended Complaint"; failure to file a third amended complaint in accordance with this order may result in the dismissal of this action.

5. This court's May 26, 2011 order directing the United States Marshal to serve process in this action is vacated.

6. The Clerk of the Court is directed to serve a copy of this order on the United States Marshal.

7. Plaintiff's June 15, 2011 motion for production of documents is construed as a request for production of documents and, so construed, is disregarded.

DATED: July 1, 2011.

UNITED STATES MAGISTRATE JUDGE

12;burt1980.31(2)

|   |   |   |
|---|---|---|
| 1 |   |   |
| 2 |   |   |
| 3 |   |   |
| 4 |   |   |
| 5 | IN THE UNITED STATES DISTRICT COURT |   |
| 6 | FOR THE EASTERN DISTRICT OF CALIFORNIA |   |

HARRISON L. BURTON,

    Plaintiff,                                          No. 2:10-cv-1980 JAM JFM (PC)

    vs.

WARDEN MCDONALD, et al.,                    <u>NOTICE OF AMENDMENT</u>

    Defendants.

_____/

    Plaintiff hereby submits the following document in compliance with the court's order filed _____:

        _____        Third Amended Complaint

DATED:

                                                          _____
                                                          Plaintiff