IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HARRISON L. BURTON,

    Plaintiff,   No. 2:10-cv-1980 JAM JFM (PC)

  vs.

WARDEN MCDONALD, et al.,

    Defendants.   FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On October 20, 2011, plaintiff filed a document styled as a motion for a stay. By the motion, plaintiff seeks a temporary restraining order pending his appeal from the October 5, 2011 order of the district court denying a motion for preliminary injunction. It is unclear what relief plaintiff seeks by the instant motion; it may be that he seeks, temporarily, the relief he sought in the motion that has been denied. By that motion, plaintiff sought an order requiring prison officials to provide him with law library access of four to six hours per week, similar to access received by other inmates, to make the prison law library compliant with an existing court order in a class action lawsuit, and to provide him with single cell status until this litigation is concluded.

/////

1

The legal principles applicable to a request for injunctive relief are well established. To prevail, the moving party must show either a likelihood of success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the movant's favor. See Coalition for Economic Equity v. Wilson, 122 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985). The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown. Oakland Tribune, 762 F.2d at 1376. "Under any formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury." Id. In the absence of a significant showing of possible irreparable harm, the court need not reach the issue of likelihood of success on the merits. Id.

In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Plaintiff has not made the showing required for injunctive relief. The instant motion is unsupported by any evidence, and there is nothing in the record before this court that supports a finding that plaintiff is faced with an imminent threat of irreparable harm.

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's October 20, 2011 motion be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen

/////
/////
/////
/////
/////

days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 7, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

12
burt1980.pi2

days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 7, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

12
burt1980.pi2