IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HARRISON L. BURTON,

    Plaintiff,                       No. 2:10-cv-1980 JAM JFM (PC)

    vs.

WARDEN MCDONALD, et al.,

    Defendants.               <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's third amended complaint, filed July 13, 2011. On January 13, 2012, defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff opposes the motion.

        The claims at bar arise from alleged events in 2009 and 2010 at High Desert State Prison (High Desert). Plaintiff claims that his constitutional rights were violated by defendant Webster, a supervising cook in the culinary at High Desert, when she allegedly fomented racial unrest among white and black inmate culinary workers, treated white and black inmate culinary workers differently, and threatened inmates who complained about her contact with reprisal. Plaintiff also claims that his constitutional rights were violated by defendants Amero and

/////

1

Webster when he was terminated from his culinary job for a period of six months without any process at all. Plaintiff alleges that he subsequently returned to work in the culinary.

Rule 8(a)(3) of the Federal Rules of Civil Procedure requires that a pleading include a demand for relief sought in the action. The only relief plaintiff seeks in this action is "leave to prosecute this claim of civil rights abuse" and protection from being denied access to the prison law library to pursue his claims. Third Amended Complaint, filed July 13, 2011, at 3. Neither of these are proper demands for relief in this civil rights action. For that reason, plaintiff's third amended complaint will be dismissed with leave to amend.

If plaintiff chooses to file a fourth amended complaint, plaintiff must allege facts which demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the fourth amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's fourth amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a fourth amended complaint, the original pleading no longer serves any function in the case. Therefore, in a fourth amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Finally, plaintiff must include a demand for all the relief he seeks in this

action. See Fed. R. Civ. P. 8(a)(3). Failure to demand relief available for the claims raised in this action may result in dismissal of the action.

Defendants' motion to dismiss is mooted by this order. For that reason, the motion will be denied. Defendants will not be required to respond to any fourth amended complaint until it has been screened by the court pursuant to the provisions of 28 U.S.C. § 1915A.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's third amended complaint is dismissed;

2. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

   a. The completed Notice of Amendment; and

   b. An original and one copy of the Fourth Amended Complaint.

Plaintiff's fourth amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the fourth amended complaint must bear the docket number assigned this case and must be labeled "Fourth Amended Complaint"; failure to file a fourth amended complaint in accordance with this order may result in the dismissal of this action;

3. Defendants' January 13, 2012 motion to dismiss is denied as moot; and

4. Defendants shall not respond to any fourth amended complaint unless and until ordered to do so.

DATED: July 12, 2012.

UNITED STATES MAGISTRATE JUDGE

12;burt1980.3ac

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HARRISON L. BURTON,

     Plaintiff,                   No. 2:10-cv-1980 JAM JFM (PC)

    vs.

WARDEN MCDONALD, et al.,

     Defendants.         <u>NOTICE OF AMENDMENT</u>

_____ /

     Plaintiff hereby submits the following document in compliance with the court's order filed _____:

     _____ Fourth Amended Complaint

DATED:

                                         _____
                                         Plaintiff

4