UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARRISON L. BURTON,<br><br>                    Plaintiff,<br><br>        v.<br><br>MCDONALD, et al.,<br><br>                    Defendants. | No. 2:10-cv-1980-JAM-EFB P<br><br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. By order filed July 13, 2012, the court dismissed plaintiff's third amended complaint for failure to state a demand for proper relief. ECF No. 63. The court granted plaintiff thirty days in which to file a fourth amended complaint. On August 3, 2012, plaintiff filed a motion to compel the return of his legal materials and for a one-hundred twenty day extension of time to file a fourth amended complaint. By order filed August 24, 2012, defendants were directed to respond within ten days to that motion, and the court vacated the deadline for filing a fourth amended complaint. On December 10, 2012, the court issued an order denying plaintiff's motion to compel and granting plaintiff sixty days from that date in which to file and serve a proposed fourth amended complaint. On January 22, 2013, plaintiff filed his proposed fourth amended complaint. ECF No. 74.

/////

1

I. <u>Screening Standards</u>

The court is required to screen the proposed amended complaint. *See* 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989); *Franklin*, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp.*, 127 S.Ct. at 1964. However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp.*, 127 S.Ct. at 1964, in turn quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Erickson*, 127 S.Ct. at 2200, and construe the pleading in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

/////

II.     Plaintiff's Allegations

Plaintiff names four defendants in his fourth amended complaint: Warden McDonald, Lt. Amero, SCC1 Webster, and Sgt. Moore. However, plaintiff makes no allegations with regard to defendants McDonald, Amero, and Moore. The complaint must allege in specific terms how each named defendant is involved, and specific acts or omissions by each defendant that caused harm to plaintiff. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Accordingly, plaintiff's fourth amended complaint fails to set forth facts sufficient to state a claim against any of these three defendants.

With regard to Webster, the sole remaining defendant, plaintiff makes the following allegations. In June 2009, plaintiff was assigned to work in the kitchen at High Desert State Prison, where defendant Webster was working as a relief supervisor on Fridays and Saturdays. Fourth Amended Complaint (ECF No. 74) at 4. On November 20, 2009, Webster engaged in "discriminatory harassment and racial discrimination" when she "aligned herself with the white inmates, intentionally exposing plaintiff to potential racial violence and racial discrimination, with a known risk of violence at the hands of white prisoners." *Id.* at 4-5. On that day, Webster had a conversation with the white inmates, telling them that the black inmates had strained meat without her permission. *Id.* at 5. In fact, Webster had given the black inmates permission to strain gravy from the meat left over from the morning meal. *Id.* at 5-6. Webster further "told the white inmates that the black inmates were 'responsible' for them not being allowed to strain or cook any meat." *Id.* at 5. "Th[is] statement created racial unrest and hostility between the black inmates and white inmates." *Id.* Plaintiff claims that Webster's statement subjected plaintiff to "racial discrimination and racial harassment" by other inmates in the "culinary." *Id.* at 5-6. Plaintiff alleges that he "was under duress or compulsion that is and was present immanent [sic], and impending, that produced a well-grounded apprehension of death or serious bodily harm." *Id.* at 6.

/////

3

1    Plaintiff claims that the above alleged facts give rise to causes of action under the Equal
2    Protection Clause of the Fourteenth Amendment, the Cruel and Unusual Punishment Clause of
3    the Eighth Amendment, and a state law claim for intentional infliction of emotional distress. *Id*.
4    at 5. Specific to his equal protection claim, plaintiff also alleges that an unspecified
5    "discriminatory and unwritten racist" prison policy "had the effect of discriminating against
6    plaintiff, and SCC1 Webster knowingly formented [sic] racial unrest among white and black
7    inmates working in the culinary under her supervision and threatened inmates who complained
8    about her racial discrimination with punitive action." *Id*. at 6. Plaintiff further claims that
9    Webster created the unspecified rule, at least in part, with "a discriminatory purpose and or
10   intent." *Id.*

11   Plaintiff seeks declaratory relief and an injunction requiring defendants to stop "the
12   unwritten policy of treating black inmates different from white inmates." *Id.* at 4. Plaintiff also
13   requests that "all culinary staff adhere to the Fourteenth Amendment and receive ethnic diversity
14   training." *Id.*

15   III.   Discussion

16   A. Equal Protection

17   The Equal Protection Clause requires the State to treat all similarly situated people
18   equally. *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). State prison
19   inmates retain a right to equal protection of the laws guaranteed by the Fourteenth Amendment.
20   *Walker v. Gomez*, 370 F.3d 969, 974 (9th Cir. 2004) (citing *Lee v. Washington*, 390 U.S. 333, 334
21   (1968)). "To state a § 1983 claim for violation of the Equal Protection Clause, a plaintiff must
22   show that he was treated in a manner inconsistent with others similarly situated, and that the
23   defendants acted with an intent or purpose to discriminate against the plaintiff based upon
24   membership in a protected class." *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th
25   Cir. 2005); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998); *see City of Cleburne v.*
26   *Cleburne Living Center*, 473 U.S. 432, 439-40 (1985); *Freeman v. Arpaio*, 125 F.3d 732, 737
27   (9th Cir. 1997); *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1187 (9th Cir. 1995)
28   /////

1  ("[D]iscrimination cannot exist in a vacuum; it can only be found in the unequal treatment of
2  people in similar circumstances.").

3  Here, plaintiff alleges that Webster falsely told the white inmates under her supervision
4  that they could not strain meat because the black inmates did so without her permission, which
5  "created racial unrest and hostility between the black inmates and white inmates" and caused
6  plaintiff to be subjected to "racial discrimination and racial harassment" by other inmates in the
7  kitchen. *Id.* at 5-6. Based on these allegations, it would appear that plaintiff is attempting to
8  allege an equal protection claim on the theory that Webster discriminated against him based on
9  his race. However, these allegations are insufficient to show that Webster treated plaintiff in a
10 manner inconsistent with other similarly situated inmates and that Webster "acted with an intent
11 or purpose to discriminate against" plaintiff based upon his race or any other grounds. *See*
12 *Barren*, 152 F.3d at 1194. Standing alone, Webster's statement to the white inmates, even if it
13 were generously construed as verbal racial harassment of plaintiff and the other black inmate
14 kitchen workers, constitutes an insufficient basis for a claim under the Equal Protection Clause.
15 *See Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997) (quoting *Oltarzewski v. Ruggiero,* 830
16 F.2d 136, 139 (9th Cir. 1987)) ("[V]erbal harassment or abuse . . . is not sufficient to state a
17 constitutional deprivation under 42 U.S.C. § 1983."). Moreover, plaintiff's allegations suggest
18 that it was the white inmate kitchen workers, and not Webster, who subjected plaintiff to the
19 purported racial discrimination and harassment. Furthermore, plaintiff fails to allege with any
20 particularity in what ways he was treated in a racially discriminatory manner. *See Erickson*, 551
21 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp.*, 127 S.Ct. at 1964, in turn quoting *Conley v.*
22 *Gibson*, 355 U.S. 41, 47 (1957)) (reiterating that the factual allegations in the complaint must be
23 pled with particularity sufficient to "'give the defendant fair notice of what the . . . claim is and
24 the grounds upon which it rests.'""). Consequently, plaintiff's allegations regarding Webster's
25 statement are insufficient to state a cognizable claim under the Equal Protection Clause.

26 Plaintiff also alleges that Webster had an unspecified "discriminatory and unwritten
27 racist" policy that "had the effect of discriminating against plaintiff." Complaint at 6. Plaintiff's
28 allegations regarding this policy are vague and conclusory in nature, and therefore are insufficient

5

to state a claim against Webster. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982) ("[V]ague and conclusory allegations of official participation in civil rights violations are not sufficient."). Plaintiff does not allege facts even remotely indicating what this "policy" entailed or in what ways this "policy" discriminated against plaintiff on the basis of his race or any other grounds.

Finally, plaintiff makes the allegation that Webster "threatened inmates who complained about her racial discrimination with punitive action." Complaint at 6. However, this fails to demonstrate how plaintiff "personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant." *Darring v. Kincheloe*, 783 F.2d 874, 877 (9th Cir. 1985) (quoting *Valley Forge Christian College v. Americans United*, 454 U.S. 464, 472 (1982)). Accordingly, this too is an insufficient factual basis for a cognizable claim under the Equal Protection Clause.

For the foregoing reasons, plaintiff's allegations are insufficient to state an equal protection claim against Webster.

### B. Deliberate Indifference

Plaintiff's allegations are also insufficient to state a cognizable claim against Webster under the Eighth Amendment. The Eighth Amendment prohibits state actors from acting with deliberate indifference to an inmate's health or safety. *See Farmer v. Brennan*, 511 U.S. 825 (1994). A claim based on deliberate indifference to health or safety has two elements. First, an inmate must show that he was "incarcerated under conditions posing a substantial risk of serious harm." *Id.* at 834. Second, the inmate must show that defendants acted with "deliberate indifference" to that risk. *Id.* Deliberate indifference is shown by proof that a prison official was "both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and that he drew the inference. *Id.* at 837.

Plaintiff's allegations, when taken as true, do not show how plaintiff was subjected to conditions posing a substantial risk of serious harm. Plaintiff merely alleges that Webster's actions fomented racial unrest between the black and white inmates working in the prison's kitchen. There are no specific allegations regarding what this "racial unrest" entailed or how it

1 placed plaintiff in circumstances that posed a "substantial risk of serious harm." *Farmer*, 511

2 U.S. at 834. Moreover, the complaint contains no allegations showing that Webster was "aware

3 of facts from which the inference could be drawn that a substantial risk of serious harm" to

4 plaintiff existed and that Webster drew that inference. *Id.* at 837. Accordingly, plaintiff fails to

5 allege facts sufficient to state a cognizable claim for deliberate indifference under the Eighth

6 Amendment against Webster.

      C.  State Law Claim

Plaintiff's allegations against defendant Webster do not present a cognizable violation of federal law; therefore, it is not appropriate to exercise supplemental jurisdiction over the remaining state law claim alleged against said defendant. Accordingly, the fourth amended complaint fails to set forth facts sufficient to state a cognizable claim against Webster.[1]

    IV.    Conclusion

For the foregoing reasons, plaintiff has failed to allege facts sufficient to demonstrate that he has a cognizable claim against any of the defendants named in the fourth amended complaint. Consequently, the complaint is dismissed. The court will, however, grant leave to file a fifth amended complaint because it is not clear that that the defects in plaintiff's complaint could not

---

[1] On February 4, 2013, plaintiff made a filing styled as an "attachment to fourth amended complaint specifically declaration." ECF No. 75. In this filing plaintiff requests that the court consider six declarations in support of his fourth amended complaint in assessing whether the complaint alleges facts sufficient to state a cognizable claim against the defendants named therein. All six declarants were inmates incarcerated at High Desert State Prison and all claim to have observed defendant Webster treating the inmates working in the prison's main kitchen poorly. The court declines to incorporate these outside documents into its consideration of the proposed fourth amended complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994) ("Although we construe [in forma pauperis] complaints liberally, . . . , we are still bound by the allegations in the complaint, and are not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint."). Nevertheless, even if the court were to consider these additional documents as part of the allegations of the fourth amended complaint, they would be insufficient to state a cognizable claim even when construed liberally in a light most favorable to plaintiff. None of the declarations once mention the actions Webster, or any other defendant, took specifically against plaintiff. In fact, none of the declarants mention plaintiff even once in their statements. Furthermore, many of the statements made by these declarants against Webster are vague and conclusory in nature, and Webster's actions that are referred to with any detail do not appear to rise to the level of constitutional violations.

1  be cured by amendment. Nevertheless, plaintiff is cautioned that the court would be disinclined
2  to allow any further amendments beyond a fifth amended complaint and may recommend
3  dismissal of this case with prejudice if a proposed fifth amended complaint did not allege facts
4  sufficient to state a claim upon which relief may be granted.

5  If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions
6  complained of have resulted in a deprivation of plaintiff's constitutional rights. *See Ellis v.*
7  *Cassidy*, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how
8  each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there
9  is some affirmative link or connection between a defendant's actions and the claimed deprivation.
10 *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980);
11 *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory
12 allegations of official participation in civil rights violations are not sufficient. *Ivey v. Board of*
13 *Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

14 Plaintiff will be required to file his amended complaint on the form provided with this
15 order. In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to
16 make plaintiff's amended complaint complete. Local Rule 220 requires that an amended
17 complaint be complete in itself without reference to any prior pleading. This is because, as a
18 general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375
19 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no
20 longer serves any function in the case. Therefore, in an amended complaint, as in an original
21 complaint, each claim and the involvement of each defendant must be sufficiently alleged.

22 In accordance with the above, IT IS HEREBY ORDERED that:
23 1. Plaintiff's fourth amended complaint (ECF No. 74) is dismissed.
24 2. Within thirty days from the date of this order, plaintiff shall complete the attached
25 Notice of Amendment and submit the following documents to the court:
26 a. The completed Notice of Amendment; and
27 b. An original and one copy of the Fifth Amended Complaint.
28 /////

1  Plaintiff's amended complaint shall be on the form provided with this order and shall comply
2  with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local
3  Rules of Practice; the amended complaint must bear the docket number assigned this case and
4  must be labeled "Fifth Amended Complaint"; failure to file an amended complaint in accordance
5  with this order will result in a recommendation that this action be dismissed.

6      3. The Clerk of the Court is directed to send plaintiff the court's form complaint for a civil
7  rights action pursuant to 42 U.S.C. § 1983 and accompanying instructions.

8  DATED: June 17, 2014.

                              EDMUND F. BRENNAN
                              UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6              UNITED STATES DISTRICT COURT
7            FOR THE EASTERN DISTRICT OF CALIFORNIA
8

| | |
|---|---|
| HARRISON L. BURTON,<br><br>           Plaintiff,<br><br>      v.<br><br>MCDONALD, et al.,<br><br>           Defendants. | No.  2:10-cv-1980-JAM-EFB P<br><br><br>NOTICE OF SUBMISSION OF DOCUMENTS |

  Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

   \_\_\_\_\_  completed summons form

   \_\_\_\_\_  completed USM-285 forms

   \_\_\_\_\_  copies of the _____
        Fifth Amended Complaint

DATED:

             _____
             Plaintiff

10