UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| HARRISON L. BURTON,<br><br>Plaintiff,<br><br>v.<br><br>MCDONALD, et al.,<br><br>Defendants. | No. 2:10-cv-1980-JAM-EFB P<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS FIFTH AMENDED COMPLAINT WITHOUT LEAVE TO AMEND FOR FAILURE TO STATE A CLAIM |
|---|---|

Plaintiff is a state prisoner proceeding without counsel and in forma pauperis in an action brought under 42 U.S.C. § 1983. After dismissal of his fourth amended complaint, plaintiff has filed a fifth amended complaint. For the reasons stated below, the court finds that the fifth amended complaint also fails to state a claim upon which relief may be granted and should be dismissed without further leave to amend.

**I.   Screening Requirement and Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

/////

1    A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).  While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**II.    Screening Order**

In the fifth amended complaint (ECF No. 81), plaintiff alleges that he was terminated from his prison job without ever receiving a rules violation report or a hearing, in violation of CDCR policy.  As a result, he lost pay.  He also lost evening yard and telephone privileges for six months.  In addition, he was unable to earn credits because he was unemployed, which he claims, violated his right to due process.  As explained below, plaintiff's allegations fail to state a cognizable claim under 42 U.S.C. § 1983, and must be dismissed without leave to amend.

/////

To state a claim under § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). To state a claim for violation of the right to procedural due process, plaintiff must allege facts showing: "(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Kildare v. Saenz*, 325 F.3d 1078, 1085 (9th Cir. 2003).

Plaintiff fails to state a claim because he has no constitutional right to a job or rehabilitation in prison. *Hoptowit v. Ray*, 682 F.2d 1237, 1254-55 (9th Cir. 1982). Moreover, he does not have a property or liberty interest in a prison job that is protected by the Due Process Clause. *Walker v. Gomez*, 370 F.3d 969, 973 (9th Cir. 2004); *Vignolo v. Miller*, 120 F.3d 1075, 1077 (9th Cir. 1997). Nor does he have a liberty interest in not losing privileges. *See Baxter v. Palmigiano*, 425 U.S. 308, 323 (1976). While state regulations may create a liberty interest in avoiding restrictive conditions of confinement if those conditions "present a dramatic departure from the basic conditions of [the inmate's] sentence," the loss of evening yard time and telephone privileges for six months is not sufficiently restrictive. *See Sandin v. Conner*, 515 U.S. 472, 484-85 (1995) (liberty interest may exist where placement in administrative segregation "imposes atypical and significant hardship in the inmate in relation to the ordinary incidents of prison life"). Further, plaintiff does not have a liberty interest in earning work or conduct credits, *see Toussaint v. McCarthy*, 801 F.2d 1080, 1094-95 (9th Cir. 1986); *Dawkins v. McGrath*, No. Civ S-03-1643-FCD-EFB P, 2009 U.S. Dist. LEXIS 118152, at *21-23 (E.D. Cal. Dec. 17, 2009), and the California Constitution states that its provisions on inmate labor shall not be interpreted as creating a right of inmates to work, Cal. Const. art. XIV § 5(c). Though plaintiff alleges that he was entitled to certain procedural protections in accordance with CDCR policy, the violation of CDCR policies does not, by itself, constitute an unconstitutional deprivation of liberty. *See Smith v. Noonan*, 992 F.2d 987, 989 (9th Cir. 1993); *Grayson v. Rison*, 945 F.2d 1064, 1067 (9th Cir. 1991) (though "some administrative actions will inevitably make prisoners feel cheated; nevertheless, this does not give them a federal cause of action"). To state a claim under § 1983,

3

there must be a deprivation of federal constitutional or statutory rights.  *See Paul v. Davis*, 424 U.S. 693 (1976).

Because plaintiff has neither a liberty interest nor a property interest in his prison job, or a liberty interest in other privileges or in earning credits, he was not entitled to any procedural due process protections with respect to these losses.  Accordingly, plaintiff's allegations fail to give rise to a due process claim, and the complaint must be dismissed for failure to state a claim upon which relief could be granted.

The defect in plaintiff's claim cannot be cured through further amendment.  His due process/loss of prison job claim fails as a matter of law.  Therefore, the court recommends dismissal without leave to amend.  *See Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009); *Silva v. Di Vittorio*, 658 F.3d 1090, 1105 (9th Cir. 2011) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (internal quotation marks omitted)); *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.").

Accordingly, IT IS HEREBY RECOMMENDED that the fifth amended complaint (ECF No. 81) be dismissed without leave to amend for failure to state a claim upon which relief may be granted and that the Clerk of the Court be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The

/////

/////

/////

4

1  parties are advised that failure to file objections within the specified time may waive the right to
2  appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez*
3  *v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
4  DATED:  July 31, 2014.

   EDMUND F. BRENNAN
   UNITED STATES MAGISTRATE JUDGE